8179.   McLEOD, adm'x, *v.* TRAVELERS INSURANCE
COMPANY.

1. No harmful error was committed in admitting in evidence the cancellation entered on the plaintiff's life-insurance policy, since in his petition he alleged that it was canceled, and other evidence, admitted without objection, showed that it had been canceled for non-payment of premiums and of interest on a loan.

2. Under the uncontradicted evidence the plaintiff was not entitled to recover from the insurance company the premiums paid by him on the policy. The fact that in the course of negotiations between him and the insurance company for a second loan, to include payment of the past-due premiums and interest on the previous loan and reinstate the policy (which by its terms had lapsed for non-payment of premium and interest), the State agents of the insurance company stated in a letter to him that the policy had been "reinstated" can not avail him, this statement being qualified by the context, in which it was said that this was "subject to payment of premium," which was never paid, and that

they would advise him to "execute loan papers and forward" the papers to them by first mail. Under the terms of the policy the insurance company acted within its rights in refusing to make the· loan.

DECIDED JUNE 14, 1917.

Complaint; from Sumter superior court—Judge Graham presiding. July 24, 1916.

*Shipp & Sheppard,* for plaintiff. *E.·A. Hawkins,* for defendant.

BLOODWORTH, J. R. L. McLeod insured his life in the Travelers Insurance Company, borrowed money on his policy, defaulted in payment of interest and premium, and his policy was canceled. Thereafter he brought suit to recover the premiums paid, alleging breach of contract, and upon the trial of the case the court directed a verdict for the defendant. A motion for. a new trial was overruled, and writ of error was brought.

In addition to the error in directing a verdict, the only other specific allegation of error is upon the admission in evidence of a cancellation entered upon the policy sued on. This could not have been harmful to the plaintiff, even if erroneous, as·in his petition he necessarily alleged the cancellation of the policy, and the fact that it was canceled for non-payment of premiums and interest was shown by other evidence, admitted without objection.

It appears from the record that the policy of insurance sued upon lapsed by reason of the non-payment of premium, and of interest on a loan secured from the insurance company upon the identical policy before cancellation. It is a further uncontroverted fact that the insured attempted, after the lapse of the policy, to secure a second and larger loan from the insurance company, for the purpose of extending the first loan, paying the interest thereon, and paying the past-due premium on the lapsed policy, in order that it might be *reinstated.* There was no legal obligation resting upon the company to make this second loan, and the reinstatement of the lapsed policy was by express contract contingent upon the "insurability" of the applicant, involving a "satisfactory medical examination." The insurance company, acting within its rights, refused to make the second loan, and, "as there was no excess of the cash value of the contract pledged," over the amount then due the company, the policy was duly canceled.

The fact that the State agents of the insurance company, in a letter written to the insured in the course of negotiations for the second loan, stated that the policy had been "reinstated" can

not avail the plaintiff, for this particular notification was qualified by the remainder of the context, to wit: that this was "subject to payment of premium, and we would advise you to execute loan papers and forward to us by first mail." The amount of premium for reinstatement was included in the amount of the loan applied for. This loan was not made, and the premium was not paid in any other manner. Under these facts the court did not err in directing a verdict for the defendant, and the motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*